UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROL MELTON,

                        *Plaintiff*,

    v.

POUGHKEEPSIE CITY SCHOOL
DISTRICT,

                        *Defendant*.

No. 24-CV-4420 (KMK)

ORDER & OPINION

---

Appearances:

Carol Melton
Poughkeepsie, NY
*Pro Se Plaintiff*

Lewis R. Silverman, Esq.
Silverman and Associates
White Plains, NY
*Counsel for Defendant*

Stansilav Sharovskiy, Esq.
Spire Law PLLC
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Carol Melton ("Plaintiff" or "Melton"), proceeding pro se, brings this Action against the Poughkeepsie City School District ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 29 U.S.C. §§ 2601 et seq. (*See generally* Compl. (Dkt. No. 1).)  Before the Court is Defendant's Motion to Dismiss (the "Motion").  (*See* Not. of Mot. (Dkt. No. 15).)  For the reasons discussed below, the Motion is granted.

I. Background

A. Materials Considered

Plaintiff has attached several exhibits to her Complaint. (*See* Compl., Exs. A–D (Dkt. Nos. 1-1 to -5)).

"'When considering a motion to dismiss, the Court's review is confined to the pleadings themselves,' because 'to go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 56.'" *Watson v. New York*, No. 22-CV-9613, 2023 WL 6200979, at *1 (S.D.N.Y. Sept. 22, 2023) (alterations adopted) (quoting *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002)). "Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, would not convert the motion to dismiss into one for summary judgment." *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety . . ., documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (internal quotation marks and citation omitted)); *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken.'" (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

Additionally, when reviewing a complaint submitted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4

n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks and citation omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics and citation omitted), statements by the plaintiff "submitted in response to [a defendant's] request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), "documents either in [the plaintiff's] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks and citation omitted), and "[plaintiff's] opposition memorandum," *Gadson v. Goord*, No. 96-CV-7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997) (citing *Gil v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)).

Because Plaintiff is proceeding pro se, the Court will consider the documents attached to her Complaint. *See Murphy v. Rodriguez*, No. 23-CV-6998, 2024 WL 4290723, at *1 (S.D.N.Y. Sept. 25, 2024) (considering exhibits attached to pro se complaint when deciding motion to dismiss).

B.  Factual Background

The following facts are taken from Plaintiff's Complaint and other materials the Court may properly consider and are assumed to be true for the purposes of ruling on the instant Motion. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ., 9* F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff is a teacher at the "Morse School" in the Poughkeepsie City School District. (*See* Compl., Ex. B (Dkt. No. 1-2) ¶¶ 1–2.)  Plaintiff runs an after-school program called "The Mighty Young Techs." (*Id.* ¶ 2.)  At an unspecified time, Superintendent Dr. Eric Rosser and

Assistant Superintendent Dr. Timothy Wade falsely represented to Defendant that Plaintiff wished to resign. (*See id.* ¶ 1.)

Plaintiff alleges that Principal Samantha Velez-Mitchell ("Velez-Mitchell"), has "refuse[d] to accept [her] disability status" since at least September 2023. (*See id.* ¶¶ 4, 10; Compl., Ex. A ("EEOC Charge") (Dkt. No. 1-1) at 1.) Plaintiff further alleges that Defendant has "created a hostile work environment for [her]" and that she is "afraid to come into work each day because of the constant harassment [she] receive[s]." (EEOC Charge 1.)

Plaintiff also alleges that Defendant has retaliated against her by (1) Velez-Mitchell's "abusing children" in The Mighty Young Techs, (*see* EEOC Charge 1; Compl., Ex. B ¶¶ 7–9 (Velez-Mitchell had Mighty Young Techs projects "thrown out calling them garbage" and forced students in the program to stand outside in the cold rain)); (2) banning Plaintiff's husband from the Morse School "for no reason," (Compl., Ex. 2 ¶ 3); (3) in January 2023, filing a false police report against Plaintiff's daughter, who volunteered with The Mighty Young Techs, and having Plaintiff's daughter "arrested and bann[ed] from [the] Morse School," (*see* EEOC Charge 1; Compl., Ex. B ¶ 4); Velez-Mitchell's directing Security Director Luis Melendez to "interrogate" Plaintiff's daughter about "boxes," (Compl., Ex. B ¶ 5).

Plaintiff alleges that the "constant harassment, intimidation, and retaliation have caused [her] severe emotional and psychological distress." (Compl., Ex. C.)

On October 30, 2023, Plaintiff filed a charge of discrimination with the EEOC. (*See* EEOC Charge.) On March 11, 2024, Plaintiff received a right to sue notice from the EEOC. (Compl., Ex. E.)

4

C. Procedural Background

Plaintiff initiated this Action on June 7, 2024. (*See* Compl.) On September 20, 2024, the Court set a briefing schedule. (Dkt. No. 14.) On October 24, 2024, Defendant filed the instant Motion. (*See* Def's Mem. in Supp. ("Def's Mem.") (Dkt. No. 16).) Plaintiff was required to file an Opposition by no later than November 24, 2024, but failed to do so. (*See generally* Dkt.) On December 10, 2024, the Court deemed the Motion fully submitted. (*See* Dkt. No. 18.)

## II. Discussion

A. Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570. However, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[]

complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff[.]" *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, as noted, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

As also noted above, when a plaintiff proceeds pro se, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah*, 2013 WL 3972514, at *4 n.3 (internal quotation marks and citation omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu*, 2010 WL

6

5186839, at *4 n.6 (italics and citation omitted). Moreover, where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted); *Murphy*, 2024 WL 4290723, at *4 (same). Notwithstanding a standard of review comparatively more lenient and favorable to pro se litigants, such treatment "does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics, internal quotation marks, and citation omitted)).

B.  Exhaustion

"Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII statutory scheme and, as such, a precondition to bringing such claims in federal court." *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 437 (S.D.N.Y. 2023) (alterations adopted) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)). Administrative exhaustion serves "to avoid unnecessary judicial action by the federal courts by '[giving] the administrative agency the opportunity to investigate, mediate, and take remedial action.'" *Sackett v. Dirlam*, No. 22-CV-6245, 2023 WL 4206520, at *4 (W.D.N.Y. June 26, 2023) (alteration in original) (quoting *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985)). "Thus, before filing a complaint in federal court, plaintiffs asserting Title VII . . . claims must first exhaust their administrative remedies by filing a complaint with the EEOC or the equivalent state agency." *Ashmeade v. Amazon.com*, No. 23-CV-4331, 2024 WL

7

4266391, at *10 (S.D.N.Y. Sept. 23, 2024) (alterations adopted) (quotation marks omitted) (quoting *Kaba v. Hope Home Care*, No. 23-CV-9512, 2024 WL 1679327, at *2 (E.D.N.Y. Apr. 18, 2024)). "The exhaustion requirement applies not only to causes of action but also to underlying factual allegations." *Kirkland-Hudson*, 665 F. Supp. 3d at 439 (quoting *Fanelli v. New York*, 51 F. Supp. 3d 219, 227 (E.D.N.Y. 2014)). The 300-day requirement "is analogous to a statute of limitations." *Eliav v. Roosevelt Island Operating Corp.*, No. 22-CV-9978, 2024 WL 196477, at *3 (S.D.N.Y. Jan. 18, 2024) (quoting *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996)). Accordingly, "[a] court should . . . grant a motion to dismiss pursuant to [Rule] 12(b)(6) for failure to exhaust if it is clear from the face of the complaint that a plaintiff has not exhausted their remedies." *Ashmeade*, 2024 WL 4266391, at *11 (quoting *Arnold v. Rsch. Found. for State Univ. of N.Y.*, 216 F. Supp. 3d 275, 287 (E.D.N.Y. 2016)); *see also Phillips v. White Plains Hosp.*, No. 23-CV-11326, 2025 WL 448808, at *3 (S.D.N.Y. Feb. 10, 2025) ("Although Plaintiffs were not required to plead exhaustion, the Court may dismiss a complaint if it is evident from the face of the complaint that a plaintiff did not exhaust administrative remedies." (citations and quotation marks omitted)).

"The Second Circuit has recognized that 'claims . . . not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency.'" *Hamilton v. Siemens Healthcare Diagnostics, Inc.*, No. 23-CV-7408, 2025 WL 863572, at *5 (S.D.N.Y. Mar. 18, 2025) (internal quotation marks omitted) (quoting *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999)). Conduct is reasonably related to conduct in an EEOC charge if: "[1] the claim would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination; [2] it alleges retaliation for filing the EEOC charge; or [3] the plaintiff alleges further incidents of

8

discrimination carried out in precisely the same manner alleged in the EEOC charge." *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002) (alterations in original) (citation and quotation marks omitted). The first category "is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims he is suffering." *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (citation and quotation marks omitted) (alteration adopted). The Second Circuit has advised that the focus of the inquiry "should be on the factual allegations made in the EEOC charge itself" and whether they "gave that agency adequate notice to investigate" the claims subsequently asserted in federal court. *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (internal quotation marks omitted) (alteration adopted).

Plaintiff's EEOC Charge is limited entirely to claims of discrimination and retaliation on the basis of disability, and there is no mention of Plaintiff's race on the face of the document. (EEOC Charge 1.) "[C]ourts in the Second Circuit have generally held that claims alleging discrimination based upon a protected classification which are different than the protected classification asserted in administrative filings are not reasonably related." *Kirkland-Hudson*, 665 F. Supp. 3d at 440 (quoting *Shands v. Lakeland Cent. Sch. Dist.*, No. 15-CV-4260, 2017 WL 1194699, at *4 (S.D.N.Y. Mar. 30, 2017)). Indeed, courts have consistently found that claims of race discrimination are not reasonably related to claims of disability discrimination. *See, e.g.*, *Espinoza v. Port Auth. of N.Y. & N.J.*, No. 19-CV-258, 2022 WL 623809, at *6 (S.D.N.Y. Mar. 2, 2022) ("[C]ourts in this Circuit have typically found that Title VII claims are not reasonably related to ADA claims." (quotation marks and citation omitted)); *O'Quinn v. City of New York*, No. 19-CV-9663, 2021 WL 4429787, at *6 (S.D.N.Y. Sept. 27, 2021) ("Because Plaintiff did not

9

raise the disability discrimination he alleges to have suffered in his EEOC Charge—and because that discrimination could not reasonably have been expected to fall within the scope of the EEOC investigation growing out of the charge of race discrimination that was made—Plaintiff's ADA claims are unexhausted and must be dismissed.") (alterations, quotation marks, and citation omitted); *De Lorenzo v. King Kullen Grocery Co.*, No. 19-CV-3460, 2020 WL 7047314, at *9 (E.D.N.Y. Aug. 12, 2020) ("Plaintiff's complete failure to mention any disability leaves the Court with no reason to believe that when the EEOC was investigating Plaintiff's claim of [discrimination and retaliation], it would have included disability discrimination within the scope of its review."), *report and recommendation adopted sub nom. De Lorenzo v. King Cullen Grocery Co. Inc.*, No. 19-CV-3460, 2020 WL 7042835 (E.D.N.Y. Nov. 30, 2020); *Pinkard v. N.Y.C. Dep't of Educ.*, No. 11-CV-5540, 2012 WL 1592520, at *8 (S.D.N.Y. May 2, 2012) ("Courts have consistently held that discrimination claims based on age, sex, or disability are not reasonably related to claims based on race or color, and vice versa." (italics omitted)); *James v. Fed. Rsrv. Bank*, No. 01-CV-1106, 2005 WL 1889859, at *5 (E.D.N.Y. Aug. 8, 2005) (holding that plaintiff's race discrimination claim was not "reasonably related" to the disability, age and gender discrimination charges she raised before the EEOC). Accordingly, Plaintiff's Title VII race discrimination, retaliation, and hostile work environment claims are dismissed for failure to exhaust. *Cf. Rivera v. Target Corp.*, No. 24-CV-6965, 2025 WL 1616863, at *5 (S.D.N.Y. June 6, 2025) (dismissing an ADA claim for failure to exhaust where plaintiff's EEOC charge did not mention disability).

C.  Analysis

Generously construed, Plaintiff's Complaint alleges claims for Title VII discrimination, retaliation, and hostile work environment and ADA failure to accommodate and retaliation.  As the Title VII claims are dismissed for failure to exhaust, only the ADA claims remain.

1.  ADA Failure to Accommodate

"The ADA requires employers to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee], unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business.'" *Smith v. N.Y.C. Dep't of Educ.*, No. 18-CV-8545, 2019 WL 6307471, at *9 (S.D.N.Y. Nov. 25, 2019) (alterations in original) (internal citation omitted) (quoting 42 U.S.C. § 12112(b)(5)(A)).  "Similarly, regulations promulgated under the Rehabilitation Act by the Department of Health and Human Services require recipients of federal funds to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified handicapped employee unless the recipient can demonstrate that the accommodation would impose an undue hardship on the operation of its program." *Gill-Dratyon v. N.Y. State Educ. Dep't*, No. 23-CV-10259, 2025 WL 872997, at *10 (S.D.N.Y. Mar. 20, 2025) (emphasis omitted) (quoting *Quadir v. N.Y. State Dep't of Labor*, No. 13-CV-3327, 2016 WL 3633406, at *2 (S.D.N.Y. June 29, 2016)).  To state a claim for failure to accommodate under either the ADA or the Rehabilitation Act, an employee must allege that:

> (1) [s]he is a person with a disability under the meaning of the [Act]; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.

*Noll v. Int'l Bus. Mach. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (alterations adopted) (quoting *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009)); *Quadir*, 2016 WL 3633406, at *2 (same).

Plaintiff fails at the first hurdle—there is no plausible allegation that Plaintiff has a disability under the meaning of the ADA.  In fact, Plaintiff's Complaint contains no allegations of any kind regarding any alleged disability.  (*See generally* Compl.; Compl., Exs. A–E.)  The absence of any such allegation is fatal and Plaintiff's ADA discrimination claim must be dismissed.  *See Delaney v. HC2, Inc.*, 761 F. Supp. 3d 641, 677 (S.D.N.Y. 2025) ("When a plaintiff alleging employment discrimination under the ADA does not state a disability or perceived disability in the complaint, their claim fails as a matter of law."), *appeal pending*, No. 25-73 (2d Cir. Jan. 10, 2025); *Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 438 (S.D.N.Y. 2023) ("Plaintiff's Complaint merely invokes Title I of the ADA without stating facts that support that she is disabled or that she suffered adverse action based on her disability. . . . Further, Plaintiff does not allege that Defendant was aware of her disability or discriminated against her on the basis of her disability."); *Leftridge v. Jud. Branch*, No. 22-CV-411, 2023 WL 4304792, at *8 (D. Conn. June 30, 2023) ("[Plaintiff's] complaint fails to state a claim under the ADA or the Rehabilitation Act because it does not allege that he was discriminated against because of his disability.").

2.  ADA Retaliation

"The *McDonnell Douglas* framework governs retaliation claims under the ADA[.]" *Freckleton v. Mercy Coll. NY*, No. 22-CV-1985, 2025 WL 950810, at *5 (S.D.N.Y. Mar. 27, 2025) (quoting *Owens v. Delta Airlines, Inc.*, No. 23-CV-2114, 2025 WL 278024, at *11 (E.D.N.Y. Jan. 23, 2025)); *see also Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023) (applying

12

the McDonnell Douglas framework in an ADA retaliation context).  To plead a retaliation claim under the ADA, a plaintiff must make a prima facie case by alleging "that:  (1) she engaged in an activity protected by the [ADA]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity."  *Gill-Drayton*, 2025 WL 872997, at *11 (alterations adopted) (quoting *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002)).

Plaintiff has filed an EEOC Charge, (*see* EEOC Charge), which constitutes a protected activity.  *Glover v. Grimaldi*, No. 23-CV-5019, 2025 WL 919930, at *11 (S.D.N.Y. Mar. 26, 2025) ("Filing an EEOC charge is clearly a protected activity."); *Medina v. AAM 15 Mgmt. LLC*, 750 F. Supp. 3d 332, 345 (S.D.N.Y. 2024) ("[T]he caselaw is clear that plaintiffs engage in protected activity when they file . . . external discrimination complaints against their employer[.]" (quoting *Lopez v. White Plains Hosp.*, No. 19-CV-6263, 2022 WL 1004188, at *13 (S.D.N.Y. Mar. 30, 2022))).

Plaintiff alleges a number of adverse actions, including the banning of her husband from the Morse School and the filing of a false police report against and interrogation of her daughter.  (*See generally* EEOC Charge; Compl., Ex. B.)  Even assuming that these allegations, either individually or collectively, rise to the level of adverse action, and the Court has serious doubts as to whether they would survive more searching analysis, Plaintiff has failed to connect these adverse actions to her filing of the EEOC Charge.

Causation may be demonstrated indirectly, through temporal proximity between the protected activity and adverse action, or directly, through evidence of retaliatory animus directed against the plaintiff.  *See Alcy v. Northwell Health, Inc.*, No. 23-CV-88, 2025 WL 835647, at *12 (S.D.N.Y. Mar. 14, 2025) ("A plaintiff can demonstrate the causal connection . . . (1) indirectly,

13

by showing that the protected activity was followed closely by discriminatory treatment . . . or (2) directly, through evidence of retaliatory animus directed against plaintiff by the defendant." (quoting *Kirkland-Hudson*, 2024 WL 4277940, at *15) (internal quotation marks omitted)). Here, Plaintiff makes no specific, plausible allegations of retaliatory animus. The question is whether any of Plaintiff's allegations can support a finding of temporal proximity between the filing of the EEOC Charge and the alleged adverse action. The filing of the police report occurred in January 2023 and the EEOC Charge was filed in October 2023. (*See* EEOC Charge 1.) Given that the alleged adverse action occurred before the protected activity, it cannot support the retaliation claim. *See Glover*, 2025 WL 919930, at *13 ("Because the adverse employment actions precede the protected activity, Plaintiff has failed to make a prima facie case of retaliation and this claim must be dismissed."); *Brown v. United Parcel Serv.*, No. 22-CV-762, 2022 WL 17478335, at *7 (N.D.N.Y. Oct. 12, 2022) (collecting cases where courts dismiss a retaliation claim because the adverse employment action preceded the protected activity), *report and recommendation adopted*, 2022 WL 16734876 (N.D.N.Y. Nov. 7, 2022). Otherwise, Plaintiff's filings are devoid of any information concerning the timing of the remaining alleged adverse actions. In the absence of such information, the Court cannot find that there was a causal connection between the filing of the EEOC Charge and the alleged adverse actions, and so Plaintiff has failed to make out a prima facie case of ADA retaliation. *See Harte v. Pace Univ.*, No. 22-CV-03820, 2024 WL 1348700, at *6 (S.D.N.Y. Mar. 29, 2024) (finding a Title VII retaliation claim insufficiently pled where the "pleadings are silent as to when [the adverse action took place]" and as a result, the court had "no way to determine the temporal proximity of this alleged adverse action and [p]laintiff's protected activity"); *Youte v. Greater Bridgeport Transit Auth.*, No. 21-CV-267, 2024 WL 1344835, at *9 (D. Conn. Mar. 29, 2024) (dismissing a Title

VII retaliation claim where "[t]here [was] nothing in the record that indicates a causal connection between [p]laintiff's alleged complaints and his termination"), *appeal withdrawn sub nom. Youte v. Gorman*, No. 24-953, 2024 WL 3385803 (2d Cir. July 9, 2024); *Reid v. Donald*, No. 12-CV-533, 2013 WL 5437638, at *10 (N.D.N.Y. Sept. 27, 2013) (dismissing a Section 1983 retaliation claim where there were no details on timing sufficient to causally connect the protected activity to the adverse actions).

### III.  Conclusion

For the reasons set forth above, the Motion is granted.  Plaintiff's Title VII claims are "procedurally barred as not reasonably related, [and so] the dismissal is with prejudice." *Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2025 WL 888528, at *12 (S.D.N.Y. Mar. 21, 2025) (citing *Lester v. Mount Pleasant Cottage Sch. Union Free Sch. Dist.*, No. 19-CV-5247, 2020 WL 3618969, at *4 n.4 (S.D.N.Y. July 2, 2020) (dismissing plaintiff's hostile work environment claim with prejudice where he failed to exhaust)).

Plaintiff's ADA claims are dismissed without prejudice.  To the extent that Plaintiff has a good faith basis for filing an amended complaint that addresses the deficiencies discussed in this Opinion, she must do so within thirty days of this Opinion. The amended complaint will replace, not supplement, the previous complaint.  If Plaintiff fails to abide by the thirty-day deadline, her ADA claims could be dismissed with prejudice.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 15 and mail a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated: September 24, 2025
       White Plains, New York

KENNETH M. KARAS
United States District Judge