UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL MELTON,<br><br>*Plaintiff*,<br>v.<br><br>POUGHKEEPSIE CITY SCHOOL DISTRICT,<br><br>*Defendant*. | No. 24-CV-4420 (KMK)<br><br><u>OPINION & ORDER</u> |

<u>Appearances</u>:

Carol Melton
Poughkeepsie, NY
*Pro se Plaintiff*

Lewis R. Silverman, Esq.
Silverman and Associates
White Plains, NY
*Counsel for Defendant*

Stansilav Sharovskiy, Esq.
Spire Law PLLC
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

Carol Melton ("Plaintiff" or "Melton"), proceeding pro se, brought this Action against the Poughkeepsie City School District ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 29 U.S.C. §§ 2601 et seq. (*See generally* Compl. (Dkt. No. 1).) On September 24, 2025, the Court granted a Motion to Dismiss filed by Defendant, and dismissed Plaintiff's Complaint in its entirety. *See Melton v. Poughkeepsie City Sch. Dist.*, No. 24-CV-4420, 2025 WL 2733658 (S.D.N.Y. Sept. 24, 2025). On October 21, 2025, Plaintiff filed a

Motion for Reconsideration and Request to Vacate Judgment (the "Motion"). (*See* Pl.'s Mot. for Recons. & Req. to Vacate J. ("Mot. for Recons.") (Dkt. No. 21).) For the reasons that follow, the Court denies Plaintiff's request for reconsideration of its earlier Opinion as well as her request to vacate the judgment. The Court determines, however, that pursuant to its inherent authority, Plaintiff's deadline to amend her Complaint shall be extended to 30 days from the date of this Order.

## I. Background

### A. Factual Background

The alleged facts underlying this Action are laid out in the Court's earlier Opinion. *See Melton*, 2025 WL 2733658, at *2. In brief, Plaintiff, a teacher, runs an after-school program and, in her Complaint, asserts that Principal Samantha Velez-Mitchell ("Velez-Mitchell") failed to recognize Plaintiff's disability and retaliated against Plaintiff. *Id.*

### B. Procedural Background

Plaintiff initiated this Action on June 7, 2024. (*See* Compl.) On September 20, 2024, the Court set a briefing schedule on an anticipated motion to dismiss by Defendant. (*see* Dkt. No. 14.) On October 24, 2024, Defendant filed the anticipated motion. (*See* Def's Mem. in Supp. (Dkt. No. 16).) Plaintiff was required to file an opposition brief by no later than November 24, 2024, but failed to do so. (*See generally* Dkt.) On December 10, 2024, the Court deemed the motion fully submitted. (*See* Dkt. No. 18.)

As described, the Court issued its Opinion granting the motion to dismiss on September 24, 2025. *See Melton*, 2025 WL 2733658. The Opinion provided that Plaintiff's asserted Title VII claims were dismissed with prejudice, while her ADA claims were dismissed without

prejudice. *Id.* at *7. The Court gave Plaintiff thirty days from the date of the Opinion to amend her Complaint. *Id.*

Rather than amend her Complaint, on October 21, 2025, Plaintiff filed the instant Motion for Reconsideration. (*See* Mot. for Recons..) On October 28, 2025, the Court directed Defendant to file a response. (*See* Mem. Endorsement dated Oct. 28, 2025 (Dkt. No. 22).) On November 12, 2025, Defendant filed a Memorandum of Law in Opposition. (*See* Mem. of Law in Opp'n ("Def.'s Opp'n") (Dkt. No. 23).) On November 19, 2025, without the Court instructing or permitting her to do so, Plaintiff filed a Reply Brief. (*See* Reply of Carol Melton ("Pl.'s Reply") (Dkt. No. 24).) In recognition of Plaintiff's *pro se* status, the Court will consider the contents of this brief in deciding Plaintiff's Motion. *See Arnold v. Santander Consumer USA*, No. 24-CV-1125, 2025 WL 1358546, at *1 n.17 (D. Conn. May 9, 2025) (explaining that although "[the p]laintiff filed the amended opposition brief without leave of the [c]ourt," as the plaintiff was proceeding pro se, the court would "consider the amended opposition brief in ruling on the motion to dismiss").

## II. Discussion

### A. Standard of Review

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Rivas v. Melecio*, No. 23-CV-5718, 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024) (quoting *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013)); *see also Marvin v. Allen*, No. 23-CV-5947, 2025 WL 1911558, at *1 (S.D.N.Y. July 11, 2025) (same). In the Second Circuit, motions for reconsideration are judged

by a strict standard and should not be granted where the moving party seeks solely to relitigate an issue already decided. *See Sacerdote v. New York Univ.*, 9 F.4th 95, 118 n.94 (2d Cir. 2021) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (quotation marks and citation omitted)). "[R]econsideration is appropriate when new evidence was not previously available despite diligence." *Williams v. Westchester Med. Ctr. Health Network*, No. 21-CV-3746, 2025 WL 1002010, at *1 (S.D.N.Y. Apr. 2, 2025); *see also Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 146 (2d Cir. 2012) (noting that evidence that the moving party "had known about . . . for over a year" was neither new nor newly discovered). "Motions for reconsideration are not intended to be 'a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Fecteau v. City of Mount Vernon*, No. 23-CV-9173, 2025 WL 873018, at *19 (S.D.N.Y. Mar. 20, 2025) (quoting *Harriram v. City Univ. of New York*, No. 22-CV-9712, 2024 WL 4553906, at *3 (S.D.N.Y. Oct. 22, 2024) (denying a motion for reconsideration where plaintiff failed to provided "data that the court overlooked")). "A movant may not 'rely upon facts, issues, or arguments that were previously available but not presented to the court.'" *Azzarmi v. Neubauer*, No. 20-CV-9155, 2023 WL 6255678, at *1 (S.D.N.Y. Sept. 26, 2023) (quoting *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014)). "A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

*Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Specifically, Rule 60(b) provides six grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* "Properly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934, 2019 WL 498253, at *3 (S.D.N.Y. Feb. 8, 2019) (alteration in original) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)), *aff'd*, 798 F. App'x 682 (2d Cir. 2019) (summary order). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Vasquez v. Fredericks*, No. 15-CV-9528, 2021 WL 1579489, at *1 (S.D.N.Y. Apr. 22, 2021) (quoting *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). "Although [Rule 60(b)] should be broadly construed to do substantial justice, final judgments should not be lightly reopened." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (citation, alteration, and quotation marks omitted). "The movant must adduce 'highly convincing material' in support of the motion." *Leeber Realty*, 2019 WL 498253, at *3 (quoting *United States v. Cirami*, 563 F.2d 26, 33 (2d

Cir. 1977)); *see also Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, 385 F. App'x. 29, 31 (2d Cir. 2010) (summary order) (noting that Rule 60(b) motions are "disfavored").

B. Motion for Reconsideration

The Court's Opinion in this Action dismissed Plaintiff's claim of discrimination under the Americans with Disabilities act because she made "no plausible allegation that Plaintiff ha[d] a disability under the meaning of the ADA" and indeed, the Court concluded that her Complaint "contain[ed] no allegations of any kind regarding any alleged disability." *Melton*, 2025 WL 2733658, at *5. The Court dismissed her retaliation claim brought under the same due to a failure to allege either retaliatory animus or temporal proximity where Plaintiff alleged a police report was made in January 2023 but her protected activity (filing an EEOC Charge) occurred in October 2023. *Id.* at *6. Finally, the Court dismissed Plaintiff's Title VII claims because her "EEOC Charge [was] limited entirely to claims of discrimination and retaliation on the basis of disability, and there is no mention of Plaintiff's race," and so those claims were not "reasonably related" to the ADA claim, and had not been exhausted. *Id.* at *4.

In her Motion for Reconsideration, Plaintiff challenges each of the Court's earlier conclusions by alleging new facts and attaching supporting documents. (*See generally* Mot. for Recons..) For instance, she alleges that she was "diagnosed with [l]upus, Neuropathy, and a chronic mobility condition," conditions triggered by stress. (*Id.* at 2 (emphases omitted).) She claims that these disabilities substantially limit her major life activities of "walking, standing, and working under stress." (*Id.* at 4 (emphases omitted).) She claims that she filed her first EEOC complaint in late 2015, an act which, she says, predated any retaliatory treatment. (*Id.* at 2.) She offers no argument specific to the Title VII claim, though she does ask the court to reinstate that claim as well. (*Id.* at 6.) In her attached materials, she appends what appears to be

an EEOC intake questionnaire asserting racial discrimination dated December 31, 2015. (*Id.* at 15–18.) Another appears to be a charge of discrimination, dated November 29, 2018, asserting retaliation for filing a lawsuit alleging unequal treatment of Plaintiff compared to "Caucasian employees." (*Id.* at 20.) None of these or the other appended materials postdates March 2023. (*See generally id.*)

None of this information is newly available evidence. To constitute new evidence, that evidence must have been "truly newly discovered or [incapable of] be[ing] found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (summary order) (wholly quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)); *see similarly Udoh v. New York City Dep't of Prob.*, No. 24-CV-03982, 2026 WL 710040, at *3 (S.D.N.Y. Mar. 13, 2026) (explaining parenthetically that evidence is "new" when it is, in truth, newly discovered or could not have been found at the time of filing by due diligence). It appears that all of this information, and in particular Plaintiff's own health status, was within Plaintiff's knowledge and control at the time she filed suit, as she was the individual who made the various charges of discrimination.

To the extent that Plaintiff filed this Motion in an attempt to amend her complaint, "[n]ew facts cannot be considered on a motion for reconsideration." *Udoh*, 2026 WL 710040, at *4. "Accordingly, the Court cannot now engage with the . . . new allegations given that these facts were known to [Plaintiff] at the time [s]he filed h[er] complaint in the instant action and during the briefing for the motion to dismiss." *Id.*

As to the materials suggesting that Plaintiff did, in fact, raise her race-discrimination claims to the EEOC, "[i]n the Title VII context, in addition to filing a complaint with the EEOC, a plaintiff must also 'receive a right-to-sue letter.'" *Ashmeade v. Amazon.com*, No. 23-CV-4331,

2024 WL 4266391, at *11 (S.D.N.Y. Sept. 23, 2024) (quoting *Davis v. Metro N. Commuter R.R.*, No. 21-CV-387, 2022 WL 2223018, at *8 (S.D.N.Y. June 21, 2022)). Although Plaintiff has appended an intake questionnaire, (Mot. for Recons. 15–18), as well as a charge of discrimination, (*id.* at 20), she has not demonstrated that the Court's conclusion that she had not exhausted her administrative remedies as to her racial discrimination claim constituted "clear error," including because she has not provided a right to sue letter and because her initial Complaint did not contain any allegations as to these allegedly earlier-filed charge(s). *See Ashmeade*, 2024 WL 4266391, at *11 (concluding that the allegations that the plaintiff exhausted his administrative remedies "on its own and in view of the materials [the p]laintiff ha[d] submitted to the [c]ourt, [wa]s not enough to salvage [the p]laintiff's Title VII claims"); *Staten v. Patrolmen's Benevolent Ass'n of City of N.Y., Inc.*, 282 F. Supp. 3d 734, 742 (S.D.N.Y. 2017) (dismissing Title VII claims where the plaintiff did not receive a right-to-sue letter prior to filing the lawsuit), *aff'd*, 736 F. App'x 17 (2d Cir. 2018) (summary order); *Henriquez-Ford v. Council of Sch. Supervisors and Adm'rs*, No. 14-CV-2496, 2016 WL 93863, at *1 (S.D.N.Y. Jan. 7, 2016) (dismissing Title VII claims for failure to exhaust administrative remedies where the pro se plaintiff did not provide a right-to-sue letter and alleged that she filed a complaint with the EEOC in a conclusory manner); *Parker v. Mack*, No. 09-CV-1049, 2010 WL 11507368, at *3 (W.D.N.Y. Jan. 4, 2010) (concluding that the plaintiff had not demonstrated exhaustion where he had not submitted his right to sue letter, and directing the plaintiff to submit this letter or his complaint would be dismissed). Accordingly, Plaintiff has not demonstrated that she had exhausted her Title VII claims.

As Plaintiff has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," Plaintiff's

Motion for Reconsideration is denied. *Geo-Grp. Commc'ns, Inc. v. Shah*, No. 15-CV-1756, 2020 WL 6729181, at *2 (S.D.N.Y. Nov. 16, 2020). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). That is particularly true where, as here, the Court provided Plaintiff the opportunity to amend her complaint; the novel factual allegations she raises here can and should be raised in an amended complaint. To the extent that Plaintiff wishes to seek relief from judgment or reconsideration based on her earlier EEOC submissions, she should demonstrate that those claims were properly exhausted.

C. Motion to Vacate Judgment

The Court construes Plaintiff's Motion as one made pursuant to Rule 60(b)(1) asserting "mistake, inadvertence, surprise, or excusable neglect."[1] (*See* Mot. for Recons. 1.) Rule 60(b) "applies only to 'a final judgment, order, or proceeding'" and does not apply to non-final orders. 11 Mary Kay Kane, Allan Stein, Charles A. Wright and Arthur C. Miller, Fed. Prac. & Proc. Civ. § 2852 (3d ed. 2026) ("Wright & Miller § 2852"); *see also Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015) (summary order) ("[T]he district court and the parties considered the motion to have been brought under Rule 60(b), but this Rule applies only to final orders and judgments."); *Fennell v. TLB Kent Co.*, 865 F.2d 498, 501 (2d Cir. 1989) ("[R]ule [60(b)] only

---

[1] Plaintiff also cites Rule 60(b)(2). (See Mot. for Recons. 1.) Plaintiff's new evidentiary submissions, however, "do not satisfy the Rule 60(b)(2) standard, as they were available to Plaintiff prior to this Action being filed." *Shekhem El v. Hiller*, No. 24-CV-730, 2026 WL 579193, at *5 (S.D.N.Y. Feb. 27, 2026); *see also Miller v. Norton*, No. 04-CV-3223, 2008 WL 1902233, at *4 (E.D.N.Y. Apr. 28, 2008) ("[I]t is beyond cavil that evidence that was actually in the possession of the movant prior to the challenged order or judgment cannot form the basis for a 60(b) motion."), *aff'd sub nom. Miller v. Kempthorne*, 357 F. App'x 384 (2d Cir. 2009) (summary order).

applies to the reconsideration of a '*final* judgment, order or proceeding.' (quoting Wright & Miller § 2852) (emphasis in original)); *Friedman v. Bloomberg L.P.*, No. 15-CV-443, 2021 WL 4917975, at *2–3 (D. Conn. Jan. 19, 2021) (denying Rule 60(b) relief where earlier entry of judgment did not constitute a final judgment). The Court's previous Order, however, was not final, and no judgment has been entered in this Action, let alone one that constituted final judgment pursuant to Rule 54(b). (*See generally* Dkt.) Accordingly, Plaintiff is not entitled to relief under Rule 60(b).

D. Inherent Authority

In light of Plaintiff's *pro se* status, the Court also considers whether any relief is appropriate pursuant to its inherent authority. "[T]he power of a court to modify an interlocutory judgment or order at any time prior to final judgment remains unchanged and is not limited by the provisions of Rule 60(b)." Wright & Miller § 2852 (footnotes omitted). The Court considers whether any modification to its earlier decision is warranted based on Plaintiff's newly-filed materials, and concludes a small modification is appropriate. Namely, the Court clarifies that its earlier decision dismissing Plaintiff's Title VII claims with prejudice *did not* dismiss any Title VII claims to the extent that they are based upon a charge of discrimination raising complaints of racial discrimination, for which Plaintiff received a right to sue letter from the EEOC. *Abdi v. Nielsen*, 287 F. Supp. 3d 327, 340 (W.D.N.Y. 2018) ("Without question, this Court has jurisdiction to clarify its own orders."); *cf. A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp. 2d 328, 334 (S.D.N.Y. 2001) (clarifying scope of earlier-issued injunction "pursuant to [the court's] power to clarify orders previously issued by the [c]ourt"). If Plaintiff wishes to pursue such claims, she must submit the right to sue letter she received as an exhibit to any amended complaint she files.

E. Leave to Amend

In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an additional opportunity to amend her complaint. The Court advises Plaintiff that she cannot simply ask the Court to reinstate her already-dismissed claims. She must file a new document that clearly sets forth *all* of the facts that give rise to the claim. As mentioned, she must also attach any right to sue letters or other documents she received from the EEOC raising the complaints of racial and disability discrimination upon-which she bases her claims. Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any document previously filed with the Court. *See Trisvan v. Mildred Elley Sch.*, No. 23-CV-1123, 2023 WL 7647776, at *1 (N.D.N.Y. Nov. 14, 2023).

Plaintiff may file her amended complaint by 30 days from the date of this Order. Plaintiff is advised that, if no amended complaint is filed, the Court may dismiss the remaining claims raised in her initial Complaint **with prejudice**. *Smith v. Dinoia*, No. 19-CV-4471, 2020 WL 4041449, at *2–3 (S.D.N.Y. July 17, 2020) (dismissing with prejudice in similar circumstances).

III. Conclusion

For the reasons set forth above, Plaintiff's Motion is denied. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 21 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: September 29, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge